**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000624
05-APR-2024
08:29 AM
Dkt. 97 SO**

NO. CAAP-19-0000624

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CITIBANK N.A. AS TRUSTEE OF STRUCTURED ASSET MORTGAGE
INVESTMENTS II TRUST 2007-AR2 MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-AR2, Plaintiff-Appellee,
v.
DAYNA S. KAULIA-WEBB, individually and as Trustee of the KA
HILINA O MAKA IRREVOCABLE TRUST dated February 23, 2008,
Defendant-Appellant,
and
DEBRA M. AYALA, as trustee of the KA HILINA O MAKA IRREVOCABLE
TRUST dated February 23, 2008; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., solely as nominee for COMMUNITY LENDING
INCORPORATED; COMMUNITY LENDING INCORPORATED;
Defendants-Appellees
and
JOHN and MARY DOES 1-20, DOE PARTNERSHIPS, CORPORATIONS OR
OTHER ENTITIES 1-20,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-401(2))


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Defendant-Appellant Dayna S. Kaulia-
Webb (**Kaulia-Webb**) appeals from the September 18, 2019

Judgment,[1] entered by the Circuit Court of the Second Circuit (**Circuit Court**)[2] in favor of Plaintiff-Appellee Wilmington Trust, NA, Successor Trustee to Citibank, N.A., as Trustee, for the Benefit of Registered Holders of Structured Asset Mortgage Investments II Trust 2007-AR2, Mortgage Pass-Through Certificates, Series 2007-AR2 (**Wilmington**).

Upon review of the record on appeal and relevant legal authorities, giving due consideration to any discernible issues raised and arguments advanced by the parties, we affirm.

Kaulia-Webb filed a November 6, 2019 "Affidavit of Appeal/Jurat Brief" and "Affidavit of Appeal/Jurat Brief On support of argument," which we construe as an Opening Brief (collectively, **Opening Brief**).[3]  The Opening Brief does not comply with HRAP Rule 28(b) in multiple respects, both in form and substance, and does not contain record references.  Nor does the record contain transcripts of the August 21, 2019 hearing on Wilmington's Motion for Confirmation of Sale that led to the Judgment from which Kaulia-Webb appeals.  See HRAP Rule 10(b)(1)(A).

---

[1]     In the Notice of Appeal, Kaulia-Webb appeals from a "Judgment Order entered in this action on August 21, 2019."  The record, however, reflects no August 21, 2019 Judgment, but contains a Judgment filed on September 18, 2019, following an August 21, 2019 hearing on Wilmington's "Motion for Confirmation of Sale, Distribution of Proceeds, and for Writ of Ejectment" (**Motion for Confirmation of Sale**).  The Circuit Court granted the motion and filed an order confirming sale, followed by the September 18, 2019 Judgment.  We construe Kaulia-Webb's notice to appeal from this Judgment.

[2]     The Honorable Peter T. Cahill presided.

[3]     The "Affidavit of Appeal/Jurat Brief" consists of 193 pages including "unrebutted (exhibits) affidavits," which do not indicate where, and whether, they are a part of the record on appeal in this case.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(a) (requiring that an opening brief "shall not exceed 35 pages"); Alford v. City & Cnty. of Honolulu, 109 Hawaiʻi 14, 25 n.18, 122 P.3d 809, 820 n.18 (2005) ("References and appendices not part of the record on appeal cannot be considered.  This is a violation of HRAP Rule 10 . . . .") (citation omitted); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 229 n.2, 909 P.2d 553, 557 n.2 (1995) (holding that matters outside the record on appeal may neither be appended nor referred to in an appellate brief) (citation omitted).

While appellate courts endeavor to afford liberal review to pleadings by self-represented litigants "to facilitate access to justice" and to afford opportunity for appellate review despite their non-compliance with court rules, Kaulia-Webb's Opening Brief does not present comprehensible or discernible legal argument.  See Erum v. Llego, 147 Hawai'i 368, 380-81, 465 P.3d 815, 827-28 (2020) (citations omitted).  Appellate review is not possible.  See HRAP Rule 28(b); Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (requiring appellate courts to "adhere[ ] to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible" (emphasis added) (cleaned up)).[4]

For the foregoing reasons, we affirm the September 18, 2019 Judgment, entered by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawai'i, April 5, 2024.

On the briefs:

Dayna S. Kaulia-Webb,
Self-represented Defendant-
Appellant.

Lansen H. G. Leu,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[4]     Wilmington argues that the appeal "should be dismissed" because Kaulia-Webb's "brief does not comply" with HRAP Rule 28(b), "is wholly incomprehensible[,]" and that it "cannot properly respond to arguments that are incoherent and lack any justification."